UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY JOSUE PARRA-AMAYA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN NORTHWEST ICE PROCESSING CENTER,<br><br>Respondent. | CASE NO. C26-3887JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is *pro se* Petitioner Gregory Josue Parra-Amaya's petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Pet. (Dkt. # 1); Traverse (Dkt. # 7).) The Government[1] opposes the petition. (Return (Dkt. # 6).) The court has considered the

[1] The Federal Respondent is the United States of America (referenced herein as the "Government").

parties' submissions, the record, and the governing law. Being fully advised, the court GRANTS the petition.

## II. BACKGROUND

Petitioner is a native and citizen of Venezuela who entered the United States in 2022. (Pet. ¶ 7; Return at 1.) Although the Government acknowledges that it "lacks information as to the mechanism by which Petitioner was released into the United States[,]" (*id.*), Petitioner represents that he was previously granted Temporary Protected Status and maintains a pending application for asylum (Pet. ¶ 10). He has no criminal record in the United States and no final order of removal. (Pet. ¶¶ 10-11.) The Government forcibly re-detained Petitioner on October 4, 2026, and did not provide him with notice or a hearing prior to re-detaining him. (*Id.* ¶ 9; Return at 2.) The Government transferred Petitioner to the Northwest ICE Processing Center, where he has since remained. (Pet. ¶¶ 6, 9.) On October 13, 2026, Petitioner filed the instant petition. (Pet.) The petition is now fully briefed and ripe for the court's consideration.

## III. ANALYSIS

Habeas petitioners must prove by a preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Petitioner asserts that his re-detention without notice or a pre-deprivation hearing violates his due process rights under the Fifth Amendment. (*See generally* Pet.) In response, the Government asserts that "Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b) based on his initial apprehension near the border[,]" but admits that it

"cannot respond to Petitioner's request for relief in this matter as it does not have evidence of the method of release." (Return at 2.) Finding that Petitioner is in custody in violation of the laws of the United States, the court orders his immediate release.

Courts in this District have found that noncitizens released pursuant to an order of release on recognizance ("OREC") are subject to detention governed by 8 U.S.C. § 1226(a) and find that due process requires a pre-deprivation hearing prior to re-detention.[2] *See, e.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025); *Romero Cantaderio v. Blanche*, No. C26-02394GJL, 2026 WL 2516756, at *2 (W.D. Wash. Aug. 26, 2026) (rejecting the Government's argument that noncitizens who are re-detained after release on OREC are subject to mandatory Section 1225(b) detention). "A pre-deprivation hearing did not occur here." (Return at 2.) Accordingly, the court concludes that Petitioner is in custody in violation of the Due Process Clause of the Fifth Amendment.[3]

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS the petition (Dkt. # 1). The court ORDERS as follows:

(1) Within twenty-four hours of the entry of this Order, the Government shall file a declaration confirming that it has released Petitioner from custody;

---

[2] Even if the Government released Petitioner on humanitarian parole, the requirements for notice and a pre-privation hearing remain the same. *See Sanchez Silva v. Warden Nw. Det. Ctr.*, No. C26-0693JLR, 2026 WL 925640, at *2-3 (W.D. Wash. Apr. 6, 2026).

[3] Because the court grants the petition on due process grounds, it declines to consider Petitioner's other bases for relief.

(2) Respondents, DHS, and all of its operational and support components, including ICE, and all DHS officials and personnel, including all ICE employees, are hereby ENJOINED from re-detaining petitioner, or subjecting him to electronic monitoring, without at least seven days' advance written notice and pre-deprivation hearing before a neutral decisionmaker unless probable cause exists for believing petitioner has committed or is attempting to commit a criminal offense.

Dated this 10th day of November, 2026.

JAMES L. ROBART
United States District Judge